ATTORNEY GENERAL LOVING HAS ASKED THAT WE RESPOND TO YOUR REQUEST FOR AN OPINION ADDRESSING WHETHER THE POPULATION CLASSIFICATIONS CONTAINED IN HOUSE BILL 2257 MAKE THAT ACT SPECIAL OR LOCAL LEGISLATION IN VIOLATION OF ARTICLE V, SECTION 46 OF THE OKLAHOMA CONSTITUTION. INITIALLY, WE NOTE THAT SEVERAL PRIOR OPINIONS OF THE ATTORNEY GENERAL HAVE ADDRESSED THE RELATIONSHIP BETWEEN POPULATION CLASSIFICATIONS AND THE CONSTITUTIONAL PROHIBITION AGAINST SPECIAL LEGISLATION. SEE, E.Q., A.G. OPIN. NOS. 76-146 AND 83-132. IN ADDITION, WE OBSERVE THAT THE RESPONSE TO YOUR INQUIRY WILL BE DEPENDENT ON FACTUAL DETERMINATIONS WHICH LIE OUTSIDE THE SCOPE OF A LEGAL OPINION. FOR THESE REASONS, IT WILL BE MORE APPROPRIATE TO ANSWER YOUR QUESTION, TO THE EXTENT THAT IT IS POSSIBLE TO ANSWER YOUR QUESTION IN A LEGAL OPINION, THROUGH THIS INFORMAL LETTER.
THE PROHIBITION AGAINST SPECIAL OR LOCAL LAWS IS SET FORTH IN ARTICLE V, SECTION 46 OF THE OKLAHOMA CONSTITUTION. SECTION 46 PROVIDES, IN PERTINENT PART, AS FOLLOWS:
 "THE LEGISLATURE SHALL NOT, EXCEPT AS OTHERWISE PROVIDED IN THIS CONSTITUTION, PASS ANY LOCAL OR SPECIAL LAWS AUTHORIZING:
* * * * *
 REGULATING THE AFFAIRS OF COUNTIES, CITIES, TOWNS, WARDS, OR SCHOOL DISTRICT(.)"
YOU INQUIRE WHETHER THE POPULATION CLASSIFICATIONS IN SECTION 2 OF HOUSE BILL 2257, TO BE CODIFIED AT 19 O.S. 8.2 OF TITLE 19 OF THE OKLAHOMA STATUTES, VIOLATES THE FOREGOING CONSTITUTIONAL PROHIBITION. THE CLASSIFICATIONS SERVE TO MAKE THE PROVISIONS OF H.B. 2257 APPLICABLE TO ONLY CERTAIN COUNTIES OF THE STATE. THE TEXT OF SECTION 2 PROVIDES THAT:
 "ANY COUNTY IN THIS STATE WITH A POPULATION OF LESS THAN 550,000, ACCORDING TO THE LATEST FEDERAL DECENNIAL CENSUS, WHICH CONTAINS A METROPOLITAN AREA WITH A POPULATION OF 250,000 OR MORE, ACCORDING TO THE LATEST FEDERAL DECENNIAL CENSUS, MAY ADOPT OR AMEND A COUNTY HOME-RULE CHARTER FOR COUNTY GOVERNMENT WHICH SPECIFIES THOSE POWERS APPROPRIATE FOR SAID GOVERNMENT AND WHICH ARE NOT INCONSISTENT WITH THE OKLAHOMA CONSTITUTION AND LAWS OF THIS STATE."
WE BEGIN OUR DISCUSSION BY RECOGNIZING THE GENERAL RULE THAT STATUTES ARE PRESUMED TO BE CONSTITUTIONAL UNLESS THERE IS A CLEAR SHOWING TO THE CONTRARY. SEE, E.A., ELIAS V. CITY OF TULSA, 408 P.2D 517 (OKLA. 1965). BUT BEYOND THIS THRESHOLD PRESUMPTION, WE POINT OUT THAT OKLAHOMA COURTS, IN EVALUATING WHETHER POPULATION CLASSIFICATIONS SUCH AS THE ONES EMBODIED IN SECTION 2 VIOLATE THE PROHIBITION AGAINST SPECIAL LEGISLATION, EMPLOY A TWO-TIER ANALYSIS.
FIRST, A COURT WILL EXAMINE A POPULATION CLASSIFICATION ON ITS FACE, AS A MATTER OF LAW. IF THE COURT FINDS THAT THE POPULATION CLASSIFICATION IS CLOSED AND IS NOT PROSPECTIVE IN ITS PROVISIONS, THE COURT WILL DECLARE THE ACT CONTAINING IT UNCONSTITUTIONAL AS SPECIAL LEGISLATION. IF, ON THE OTHER HAND, THE CLASSIFICATION IS OPEN-ENDED, A COURT WILL PRESUME THAT THE CLASSIFICATION IS FACIALLY CONSTITUTIONAL. SEE IN RE: BUCHER, 20 P.2D 150 (OKLA. 1933); A.G. OPIN. NO. 83-132.
APPLYING THIS FIRST TEST TO S 2 OF H.B. 2257, WE NOTE THAT THE PROVISION DEFINES THE POPULATION CLASSIFICATIONS IN TERMS OF THE "LATEST FEDERAL DECENNIAL CENSUS." THIS DEFINITION MAKES THE CLASS OF COUNTIES SUBJECT TO THE TERMS OF THE ACT OPEN-ENDED. PRESENTLY, ONLY TULSA COUNTY WOULD BE INCLUDED IN THE AFFECTED CLASS; HOWEVER, WHEN THE NEXT FEDERAL DECENNIAL CENSUS BECOMES THE "LATEST," OTHER COUNTIES MAY BE INCLUDED IN THE CLASS. UNDER THIS STANDARD, A COURT SHOULD PRESUME THAT THE OPEN-ENDED CLASSIFICATIONS CONTAINED IN H.B. 2257 ARE CONSTITUTIONAL.
THE SECOND STEP OF THE ANALYSIS REQUIRES A COURT TO MAKE A FACT-BASED DETERMINATION. THE REVIEWING COURT IS TO APPLY A STANDARD OF REVIEW WHICH HAS BEEN ARTICULATED IN MANY WAYS IN OKLAHOMA, SEE HAAS V. HOLLOMON, 327 P.2D 655 (OKLA. 1958); SEE, ALSO, HUDGINS V. FOSTER, 267 P.2D 645 (OKLA. 1928); A.G. OPIN. NO. 76-146, BUT IS BEST KNOWN AS THE RATIONAL BASIS TEST. UNDER THIS STANDARD, THE REVIEWING COURT IS TO DETERMINE IF THE POPULATION CLASSIFICATION IS "REASONABLY FOUNDED" AND HAS SOME RELATIONSHIP TO THE SUBJECT MATTER OF THE LEGISLATION. THE OKLAHOMA SUPREME COURT DESCRIBED THE STANDARD AS FOLLOWS:
 "UNDER A PROHIBITION OF SPECIAL LEGISLATION WHICH EMBRACES COUNTIES WITHIN ITS OPERATION, A CLASSIFICATION OF COUNTIES IS PERMISSIBLE, AND A STATUE WHICH APPLIES TO ALL COUNTIES OF A LEGITIMATE CLASS IS A GENERAL ONE AND NOT A LOCAL LAW. THEREFORE COUNTIES MAY BE DIVIDED INTO CLASSES ACCORDING TO POPULATION FOR THE PURPOSES OF ASSESSING PROPERTY TAXATION; OR FOR THE PURPOSE OF REGULATING THE COMPENSATION OF COUNTY OFFICERS, AND IN OTHER MATTERS RELATING TO THE ORGANIZATION AND GOVERNMENT OF COUNTIES WHERE POPULATION FURNISHES A REASONABLE BASIS FOR DISCRIMINATION. BUT A STATUTE WHICH EXCEPTS FROM THE OPERATION OF THE GENERAL LAWS ONE OR MORE COUNTIES OR WHICH MAKES APPLICABLE TO ONE OR MORE COUNTIES A RULE OF LAW WHICH IS NOT APPLICABLE TO THE OTHERS, WHEN NO GOOD REASON EXISTS WHY ALL SHOULD NOT BE SUBJECT TO THE SAME RULE, IS LOCAL AND SPECIAL AND IS INVALID UNDER THE CONSTITUTIONAL PROHIBITION."
HUDGINS V. FOSTER, 267 P. 649 (OKLA. 1928), CITING DILLON ON MUNICIPAL CORPORATIONS (5TH ED.) 170, (EMPHASIS ADDED). SEE ALSO WELCH V. HOLLAND, 61 P.2D 559 (OKLA. 1936). THUS, THE APPLICATION OF THIS STANDARD REQUIRES A COURT TO MAKE A DETERMINATION OF WHETHER THERE IS A FACTUAL BASIS SUPPORTING THE CLASSIFICATION, I.E., WHETHER A "GOOD REASON" EXISTS TO DIFFERENTIATE BETWEEN THE AFFECTED COUNTIES.
A COURT REVIEWING S 2 OF H.B. 2257 TO MAKE THIS FACTUAL DETERMINATION WILL BE CALLED UPON TO EXAMINE FACTORS WHICH IT CONSIDERS TO BE RELEVANT TO THE QUESTION. IN DOING SO, THE COURT WOULD, OF COURSE, WEIGH THE JUSTIFICATIONS OFFERED ON BEHALF OF THE LEGISLATURE IN FAVOR OF THE CLASSIFICATIONS (SUCH AS THOSE INCLUDED IN THE MATERIALS PROVIDED TO THIS OFFICE).
WITH RESPECT TO THE POPULATION CLASSIFICATION IN H.B. 2257 WHICH REQUIRES THAT AN AFFECTED COUNTY CONTAIN A METROPOLITAN AREA WITH A POPULATION OF 250,000 OR MORE, ONE RELEVANT FACTOR WILL BE THE EXISTENCE OF A LARGE METROPOLITAN AREA WITHIN A COUNTY. THIS FACTOR MIGHT BE FOUND TO REASONABLY RELATE TO THE FORM OF GOVERNMENT NEEDED BY THE COUNTY. ONE COULD ARGUE THAT A STRONG, CENTRALIZED MUNICIPAL GOVERNMENT WOULD BE NECESSARY TO GOVERN A LARGE METROPOLITAN AREA, AND THAT THE EXISTENCE OF A STRONG AND CENTRALIZED MUNICIPAL GOVERNMENT WITHIN THE BORDERS OF THE COUNTY MIGHT AFFECT THE FORM OF GOVERNMENT APPROPRIATE FOR THE COUNTY.
A COURT REVIEWING THE SECOND POPULATION CLASSIFICATION IN H.B. 2257, WHICH REQUIRES THAT AN AFFECTED COUNTY BE NO LARGER THAN 550,000, MIGHT CONSIDER OTHER FACTORS TO BE RELEVANT TO THE CLASSIFICATION. FOR EXAMPLE, THE COURT MIGHT CONSIDER THE SIZE OF THE POPULATION ITSELF TO BE A RELEVANT FACTOR AND CONCLUDE THAT HOME RULE BECOMES UNWIELDY OR INAPPROPRIATE FOR COUNTIES WITH A POPULATION GREATER THAN 550,000. THUS, ONE MIGHT ARGUE THAT THE VERY SIZE OF A COUNTY IS A REASONABLE GROUND FOR EXCLUDING IT FROM THE HOME RULE CHARTER GOVERNANCE OPTION. ANOTHER FACTOR WHICH A COURT MIGHT FIND TO BE RELEVANT IN DETERMINING WHETHER A RATIONAL BASIS EXISTS FOR CONCLUDING THAT HOME-RULE CHARTER IS INAPPROPRIATE IS THAT COUNTIES WITH A LARGER POPULATION ARE LIKELY TO HAVE A GREATER NUMBER OF INDEPENDENT MUNICIPALITIES WITHIN THE COUNTY. IN THIS INSTANCE, ONE COULD PLAUSIBLY ARGUE THAT WITH MORE INDEPENDENT MUNICIPAL GOVERNMENTS IN PLACE IN A COUNTY TO REPRESENT THAT PORTION OF THE POPULATION LIVING OUTSIDE OF THE LARGE METROPOLITAN AREA, THE HOME RULE FORM OF GOVERNMENT WOULD BE SIGNIFICANTLY LESS APPROPRIATE OR NOT NECESSARY FOR SUCH A COUNTY.
WHETHER A COURT WOULD ACCEPT THE ARGUMENTS OUTLINED ABOVE, AND FIND THAT A "GOOD REASON" OR "RATIONAL BASIS" EXISTS TO SUPPORT THE POPULATION CLASSIFICATIONS OF S 2 OF H.B. 2257, IS IMPOSSIBLE TO ANSWER PROSPECTIVELY. AND BECAUSE THESE MATTERS RELATE TO FACTUAL QUESTIONS WHICH CANNOT BE RESOLVED IN A LEGAL OPINION, WE CANNOT PROVIDE A DEFINITE ANSWER AS TO WHETHER THE CLASSIFICATIONS CREATE SPECIAL OR LOCAL LEGISLATION IN VIOLATION ARTICLE V, SECTION 46 OF THE OKLAHOMA CONSTITUTION. NEVERTHELESS, WE DO REITERATE THE GENERAL PRESUMPTION FAVORING THE CONSTITUTIONALITY OF STATUTES IN THE ABSENCE OF A CLEAR SHOWING TO THE CONTRARY.
(REBECCA RHODES)